NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 13 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ZACK WARD; THOMAS BUCHAR, on behalf of themselves and all others similarly situated, | No.    18-16016 |
| | D.C. No. 4:12-cv-05404-YGR |
| Plaintiffs-Appellants, | |
| v. | MEMORANDUM* |
| APPLE INC., | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Argued and Submitted October 16, 2019
Pasadena, California

Before: NGUYEN and MILLER, Circuit Judges, and VITALIANO,** District
Judge.

Zack Ward and Thomas Buchar appeal the denial of class certification in

this action against Apple Inc. under Section 2 of the Sherman Act, 15 U.S.C. § 2.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Eric N. Vitaliano, United States District Judge for the
Eastern District of New York, sitting by designation.

They allege that Apple violated the antitrust laws by conspiring with AT&T Mobility LLC to monopolize the aftermarket for iPhone wireless service through certain undisclosed agreements, forcing iPhone purchasers to use AT&T even after the expiration of their initial two-year service contracts. We have jurisdiction under 28 U.S.C. § 1292(e) and Federal Rule of Civil Procedure 23(f), and we review the district court's decision for abuse of discretion. *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1115 (9th Cir. 2017). We affirm.

When confronted with a motion for class certification, the district court "must conduct a 'rigorous analysis'" of whether the Rule 23 criteria are satisfied. *Comcast Corp. v. Behrend*, 569 U.S. 27, 35 (2013) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011)). That analysis requires looking beyond the pleadings: "A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart*, 564 U.S. at 350.

In an effort to demonstrate that antitrust injury could be assessed on a classwide basis, plaintiffs presented a declaration by an economist, Dr. Frederick Warren-Boulton, who set out two different "but-for" worlds corresponding to two different theories of the impact of Apple's alleged anticompetitive conduct. Based on his review of "techniques standard among economists," as well as data analyzed

by another expert in a separate litigation involving Apple, Dr. Warren-Boulton stated that he did "not expect to encounter any insurmountable difficulty in applying these techniques to form an estimate of the harm to consumers" in either of the but-for worlds.

The district court did not abuse its discretion in determining that plaintiffs' submission was insufficient. Plaintiffs argue that the district court did not conduct the requisite "rigorous analysis," but as the district court recognized, the court was "unable to fulfill its obligation" because plaintiffs gave the court little to analyze. Plaintiffs' expert did not provide a workable method for classwide determination of the impact of the alleged antitrust violation. Instead, he merely asserted that he would be able to develop a model at some point in the future.

*Comcast* demonstrates why that is not enough. In that case, the Supreme Court determined that certification was inappropriate because plaintiffs had offered a model that "failed to measure damages resulting from the particular antitrust injury on which [defendants'] liability in this action is premised." 569 U.S. at 36. The plaintiffs here have done even less than the *Comcast* plaintiffs: Instead of providing an imperfect model, they have provided only a promise of a model to come.

This case has been going on for seven years, and it is an outgrowth of litigation that began five years before that. Plaintiffs have had a long time to

3

develop a workable method for classwide determination of antitrust injury. The district court did not abuse its discretion in declining to certify a class based on plaintiffs' assurance that they would do so later.

**AFFIRMED**.

*Ward v. Apple Inc.*, 18-16016

NGUYEN, Circuit Judge, dissenting:

As the majority acknowledges, the district court failed to conduct the required "rigorous analysis" of whether Rule 23 was satisfied. *See Comcast Corp. v. Behrend*, 569 U.S. 27, 33–35 (2013) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011)). The district court stated that it was "unable to fulfill its obligation" because "Dr. Warren-Boulton's declaration [wa]s essentially lacking any data-driven analysis" and plaintiffs did not provide "properly analyzed, reliable *evidence* that a common method of proof exists to prove impact on a class-wide basis." (emphasis in original). Contrary to the district court's conclusion, plaintiffs presented evidence in support of their motion. The district court is free to reject such evidence as wholly insufficient, but it is not free to ignore it.

The district court should have considered whether plaintiffs' evidence—either in Dr. Warren-Boulton's declaration or in Dr. Wilkie's expert report from a related case, which plaintiffs attached to their motion—was sufficient to show that a common method of proof exists to prove classwide antitrust impact. In addition, the district court summarized, but did not analyze, the but-for worlds posited by Dr. Warren-Boulton. It should have considered, as required by *Comcast*, whether the antitrust impact identified by the but-for worlds is consistent with plaintiffs' aftermarket theory. *Comcast*, 569 U.S. at 35. Further, the district court should

have analyzed both the criticisms of Dr. Warren-Boulton's declaration raised by Apple's expert—for example, that the benchmark approach is incorrect and unreliable—and Dr. Warren-Boulton's rebuttal.

Plaintiffs ultimately may not have met their burden to satisfy Rule 23, but the district court did not conduct the required "rigorous analysis" to find out. I would therefore reverse and remand for the district court to conduct the required analysis in the first instance.